UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROOR INTERNATIONAL BV and
SREAM, INC.,

    Plaintiffs,

v.                                                  Case No: 8:18-cv-2654-T-60JSS

HOOKAH SENSATION, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiffs' Motion for Default Final Judgment Against Hookah Sensation, LLC ("Motion"). (Dkt. 15.) For the reasons that follow, the Court recommends that the Motion be denied without prejudice.

## BACKGROUND

On October 30, 2018, Plaintiffs, RooR International BV ("RooR") and Sream, Inc. ("Sream"), filed this action against Defendant, Hookah Sensation, LLC, alleging trademark infringement under 15 U.S.C. § 1114 (Count I), trademark counterfeiting under 15 U.S.C. § 1116(d) (Count II), false designation of origin and unfair competition under 15 U.S.C. § 1125(a) (Count III).[1] (Dkt. 1.) Plaintiffs allege that they have enforceable trademark rights in several "federally registered and common law trademarks," including U.S. Trademark Registration Number 3,675,839, Number 2,307,176, and Number 2,235,638 (collectively the "RooR Marks"), which cover "Roor branded products, such as borosilicate jointed-glass water pipes, parts, and accessories related thereto." (Dkt. 1 ¶¶ 9–17.) Plaintiffs generally allege that Defendant has

---

[1] The Complaint also alleged each claim against Joseph Khalaf. (Dkt. 1.) However, on August 1, 2019, the Court dismissed the claims against Mr. Khalaf without prejudice. (Dkt. 19.)

offered to sell water pipes "using reproductions, counterfeits, copies and/or colorable imitations of one or more of the RooR Marks." (Dkt. 1 ¶ 24.)

After Defendant did not appear, a Clerk's default was entered against Defendant. (Dkt. 14.) On May 22, 2019, Plaintiffs moved for final default judgment against Defendant. (Dkt. 15.) Plaintiffs request judgment in their favor, statutory damages, and an award of costs. (Dkt. 17.)

## APPLICABLE STANDARDS

When a party fails to plead or otherwise defend a judgment for affirmative relief, the clerk of the court must enter a default against the party against whom the judgment was sought. Fed. R. Civ. P. 55(a); *see also* Fed. R. Civ. P. 12(a)(1)(A)(i) (providing that a defendant must serve an answer within twenty-one days after being served with the summons and complaint). Because of the "strong policy of determining cases on their merits," however, default judgments are generally disfavored. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). It is the plaintiff's burden to establish effective service of process. *Onpower, Inc. v. United Power Line Contractors, LLC*, No. 2:15–cv–796–FtM–99MRM, 2016 WL 9049315, at *1 (M.D. Fla. Mar. 14, 2016). "Generally, where service of process is insufficient, a district court lacks personal jurisdiction over a defendant and, therefore, has no power to render judgment over that defendant." *Kelly v. Florida*, 233 F. App'x 883, 884 (11th Cir. 2007).

## ANALYSIS

Before entering default judgment, the Court must ensure proper service of process because "insufficient service of process on a party operates to prohibit a court from entering a default judgment against that party." *Rismed Oncology Sys., Inc. v. Baron*, 638 F. App'x 800, 805–06 (11th Cir. 2015). In this case, upon Plaintiffs' motion (Dkt. 13), the Clerk entered a default against

Defendant. (Dkt. 14.) However, neither the motion for Clerk's default (Dkt. 13) nor the instant Motion (Dkt. 15) explain the legal sufficiency of service.

To establish effective service of process upon a corporation, partnership, or association, Federal Rule of Civil Procedure 4 requires service:

> (1) in a judicial district of the United States:
>
>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>
>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h). As incorporated by Rule 4(h), Rule 4(e) allows service by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under state law, process may be served on a limited liability company through its registered agent. Fla. Stat. § 48.062(1). "If service cannot be made on the LLC's registered agent, process may be served on a member, manager, or designated employee as set forth in section 48.062(2)(a)–(c)." *Jupiter House, LLC v. Deutsche Bank Nat'l Tr. Co.*, 198 So. 2d 1122, 1123 (Fla. 4th DCA 2016). "If, after reasonable diligence, service of process cannot be completed under subsection (1) or subsection (2), service of process may be effected by service upon the Secretary of State."

Fla. Stat. § 48.062(3).  "[S]tatutes governing service of process are to be strictly construed." *Mead v. HS76 Milton, LLC*, 102 So. 2d 682, 683 (Fla. 1st DCA 2012).

The return of service in this case shows that after several attempts to serve Defendant's registered agent, the summons and complaint were served upon an unnamed employee at Defendant's place of business. (Dkt. 12.)  Thus, it appears that service of process was attempted under subsection (2)(c), which allows process to be to be served "on the person in charge of the limited liability company during regular business hours."  Fla. Stat. § 48.062(2)(c).  But before attempting substituted service under subsection (2), "the plaintiff must demonstrate either that: (1) the LLC failed to comply with chapter 605; (2) the LLC does not have a registered agent; or (3) that the plaintiff exercised 'reasonable diligence' in attempting to serve the LLC's registered agent and failed."  *Florida v. Success Agency LLC*, No. 17-80557-CV-MIDDLEBROOKS, 2017 WL 8897130, at *4 (S.D. Fla. Oct. 30, 2017) (citing Fla. Stat. § 48.062(2)).

Although multiple attempts were made to serve Defendant's registered agent, Plaintiffs have not demonstrated that Defendant has failed to comply with chapter 605, *see id.* ("A registered agent's temporary absence between the hours of 10 a.m. and 12 p.m., especially during the only instance when Plaintiff attempted to serve process in that window, does not indicate that Defendant was not in compliance with chapter 605."), or that Plaintiffs could not serve the registered agent despite "reasonable diligence," *see id.* at *5 ("In interpreting what constitutes reasonable diligence, courts have required plaintiffs to not merely rely on an address that a defendant lists for its registered agent, member, or manager; instead, plaintiffs must demonstrate that they took the initiative to locate alternate addresses at which to serve those individuals by using 'obvious and available' resources.").

Even if Plaintiffs had sufficiently demonstrated the necessary inability to serve the registered agent, the statute then authorizes service on a member or manager of the limited liability company, or if "a member or manager is not available during regular business hours to accept service on behalf of the limited liability company," then upon an employee designated to accept service. Fla. Stat. § 48.062(2)(a)–(c). Only after "one attempt to serve a member, manager, or designated employee has been made," may process "be served on the person in charge of the limited liability company during regular business hours." Fla. Stat. § 48.062(2)(c). The return of service does not show an attempt to serve a member, manager, or designated employee prior to serving an employee in charge of the company. As such, because Plaintiffs have not established proper service of process, the Court cannot enter default judgment. *See Rismed Oncology*, 638 F. App'x at 805–06.

Accordingly, it is **RECOMMENDED** that:

1. Plaintiff's Motion for Default Final Judgment Against Hookah Sensation LLC (Dkt. 15) be **DENIED** without prejudice;

2. The Clerk's Default (Dkt. 14) be **VACATED**; and

3. Plaintiff be **DIRECTED** to, within thirty (30) days of the order on this report and recommendation, either effect proper service of process upon Hookah Sensation, LLC, or demonstrate proper service in a second motion for Clerk's default.

**IT IS SO REPORTED** in Tampa, Florida, on January 10, 2020.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

- 6 -

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Thomas P. Barber
Counsel of Record